UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Abdul Shakur H. Shaheed, #18769-053
aka, William Jett, F.C.I. Gilmer
Bx 6000
4827 Kansas Ave N.W. Glenville,
Washington D.C. 20011 W.VA.
26351

Plaintiff,

v.

Filene's Basement, et al.,
529 - 14th Street, N.W.
Washington, D.C. 20045,

and,

Nathaniel Howell,
Security Officer,
Filene's Basement
529 - 14th Street, N.W.
Washington, D.C. 20045,

and,

Mr. Gibson,
Security Officer
Filene's Basement
529 - 14th Street, N.W.
Washington, D.C. 20045,

In Their Individual Capacities.,

and,

District of Columbia, et al.,
2000 14th Street, N.W.
Washington, D.C. 20009,

Respondents.

CASE RE-ASSIGNED
JUN 30 2008
TO
KOLLAR-KOTELLY, J.C.K.K.

Case: 1:08-cv-
Assigned To : Unassigned
Assign. Date : 2/21/2008
Description: Pro Se General Civil

Seeking Damages in the
amount of: $6,000,000.00

Jury demand of 12 Jurors.

Compensatory and Declaratory
Judgement Sought.

CIVIL ACTION FOR DEPRIVATION OF RIGHTS
PURSUANT TO 42 U.S.C. § 1983

COMPLAINT

**RECEIVED**
FEB - 6 2008
Clerk, U.S. District and
Bankruptcy Courts

1

## COMPLAINT

This action is brought by the above-captioned individual to recover damages in the amount of $6,000,000.00, and to enjoin and declare unconstitutional deprivations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution pursuant to 42 U.S.C. § 1983.

The defendants, Filene's Basement, and the District of Columbia Metropolitain Police Department, its agents, and employees acting under the color of State Law, specifically the Laws and Regulations of the District of Columbia, has subjected and cause plaintiff irreparable harm by maliciously prosecuting him, false imprisonment, brutally beating him, thus causing permanent physical and mental damage, out-of-pocket loss, defamation of charactor, thereby depriving him of his rights, privileges, and immunities secured by the United States Constitution.

## JURISDICTION

Jurisdiction in this case is by virtue of 28 U.S.C. §§ 1331, 1343, which state in pertinent part;

>    1331; The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Id.

>    1343; The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person. Id.

## PARTIES

1. Plaintiff is a citizen of the United States of America and a resident of the District of Columbia.

2. Defendant Filene's Basement is a corporation existing under and by virtue of the laws of the District of Columbia.

3. Defendant Nathaniel Howell is a Pln.Clths. security officer who was at all times a staff member of Filene's Basement operating in the District of Columbia.

4. Defendant Gibson is a uniformed security officer who was at all times a staff member of Filene's Basement operating in the District of Columbia.

5. Defendant the District of Columbia is a municipal (municipality) existing under and by virtue of the laws of the District of Columbia.

## CLAIMS FOR RELIEF

a. Denial of Fourth and Fourteenth Amendment rights:

   i. By unlawfully and wrongly seizing plaintiff's person without probable cause, causing him unlawful detention and incarceration on serious charges that they knew or should have known were false.

   ii. By unlawfully and wrongfully seizing plaintiff's money without probable cause, causing him out-of-pocket loss due to charges that they knew or should have known were false.

   iii. By unlawfully and wrongfully seizing plaintiff's person and money is a clear violation of due process.

b. Denial of Fifth and Fourteenth Amendment rights:

   i. By knowingly and willfully uttering false data regarding the alleged transaction that led to plaintiff's arrest on assualt and theft charges that plaintiff was acquitted of at trial.

-3-

      ii. By knowingly and willfully giving false testimony prior to trial and at trial in order to initiate the aforementioned charges, and subsequently, thereafter at trial.

      iii. By conspiring to suborn perjured police, and witness (Filene's Basement Security officers) testimony.

c.      Denial of plaintiff's Sixth and Fourteenth Amendment rights.

      i. By concealing information (surveillance video) that was directly related to plaintiff's innocence.

      ii. By permitting and encouraging known perjured testimony that was produced at plaintiff's trial, that was proved to be falsely given, and unbelievable, which resulted in plaintiff's acquittal.

d.      Denial of plaintiff's Eighth and Fourteenth Amendment rights.

      i. By knowingly and willfully causing plaintiff harm by brutally beating him, stomping him, (assualt by shod foot) caused several broken teeth, beat him with handcuffs, which caused the handcuffs to penetrate plaintiff's face, thus requiring serjury to repair disfigurement to his face. Brutally beating plaintiff's face to an unrecognizable level as to cause permanent eye damage in the form of blurred vision. Has suffered cronic back pain as a result of the vicious assualt with a dangerous weapon shod foot. (stomping)

      ii. By knowingly and willfully, and unlawfully false imprisoning him on trumped up charges.

      iii. By knowingly and willfully causing plaintiff's loss of employement, out-of-pocket loss, and stealing his money in the amount of $150.00 dollars of which plaintiff had receipts to verify ownership.

      iv. By knowingly and willfully using excessive force against plaintiff at the hands of the security officers who were employed by Filene's Basement.

      v. By knowingly and willfully causing defamation of charactor by stating and giving false testimony alleging that plaintiff was a thief.

      vi. By knowingly and willfully targeting plaintiff because he was racially profiled which is a due process violation as well.

6. The defendants Filene's Basement, et al., failed to supervise or properly train the defendants (their security officers) and through their lack of proper training permitted these individuals to commit some or all of the acts complained of in the proceeding paragraphs.

7. The defendants the Filene's Basement security officers Officer Howell and Officer Gibson, acting in their individual capacities, violated plaintiff's civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution.

8. The defendants the District of Columbia, et al., failed to supervise or properly train the Metropolitain Police Officers that falsely arrested plaintiff, and through their lack of proper training permitted these individuals to commit some or all of the acts complained of in the proceeding paraghraphs.

9. As a result of the actions of the defendants, plaintiff was arrested, held in jail, his money was stolen by the defendants, He was beaten and stomped to the point of unconsciousness, and his head was pounded into the pavement numerous times. The defendants even went so far as to punch plaintiff in the face with a pair of hand-cuffs that went straight through his mouth and broke several teeth in the process. These unlawful actions by the defendants caused plaintiff to require surgery, but also left his face disfigured.

10. As a result of the defendants actions, plaintiff will have permanent damage, physically, mentally, and psychologically, and he will be permanently scarred for the rest of his life as a result of the defendants egregious acts committed against plaintiff.

11. Plainttiff'was acquitted after a bench trial that was commenced on September 24,        , 2007.

12. As a result of the defendants actions, plaintiff was deprived of liberty, and was forced to undergo the mental anguish and strain of these proceedings due to the wanton, unlawful, malicious, and viscous acts that were without regard for the system of justice in these United States.

## HISTORY OF EVENTS

On July 10, 2007, plaintiff went into the Retail store Filene's Basement at 529 - 14th Street, N.W., Washington, D.C. 20045. As plaintiff was browsing, he saw some clothing he liked and proceeded toward the fitting room. Prior to entering the fitting room, he was stopped by one of the store clerks, and his items he wished to try on were inspected so the clerk could see how many items that plaintiff had prior to going into the fitting room. Thus, plaintiff was given a number that stated how many pieces of clothing that he was taking into the fitting room. Upon his exit from the fitting room, the clerk counted the items and plaintiff proceeded to place them back on the shelves, or where he had picked the items up from.

Subsequently thereafter, plaintiff left the store went across the street to Border Books retail store and browsed around for about twenty minutes.

. . . .After about twenty minutes had passed, plaintiff left Border Books store, and went to the courner of 14th and F streets N.W.. As he walked down the street, he passed back by Filene's Base ment and proceeded to the end of the Block. Out of nowhere plaintiff was approached by two unidentified men who told him to come with them. he immediately became concerned for his safety and asked the two men what they wanted? They immediately grabbed him, one grabbing him high, and the other grabbing him low. They tackled plaintiff to the ground, and began beating him unmercifully in the chest, face, and back. They also continuously banged plaintiff's head into the ground. They assaulted him by stomping him with their boots. They punched him in the face with a pair of hand-cuffs, that went straight through plaintiiffs mouth, thereby cause several broken teeth. They beat him until his eye swelled shut. They dragged and kicked him brutally from one end of the Block to the other. Then they proceeded to drag plaintiff down a flight of escalators. into Filene's Basement's front entrance parading plaintiff around like he was some kind of animal. The officers had beaten plaintiff into unconsciousness, and then proceeded to beat plaintiff conscious.

Bleeding profusely, plaintiff was told that he was under arrest for theft two, and assault by the security officers. The security officers then proceeded to take everything out out of plaintiff's pockets including his money in the amount of $150.00 dollars.

When the Metropolitain Police Department Came, they were told that plaintiff was seen on surveillance video leaving the store with a Blue bag full of clothes. However, this was proved in court to be a lie and plaintiff was acquitted of the charges.

However, the police officers and the security officers at Filene's Basement were in "cahoots" 1/ together and proceeded to concoct 2/ a story to justify thier violations of plaintiff's due process rights. In fact the Metropolitain Police Officers were fully aware at the time of plaintiff arrest that plaintiff had committed no crime. This true simply because the MPD officers viewed the so called video prior to plaintiff's arrest where it clearly showed that plaintiff never at any time left out of the Filene's Basement Store with anything other then his person.

Thus, they MPD officers and the Filene's Basement security officers prepertrated a fraud on the court to have plaintiff Framed ahd arrested for charges that later revealed were totally false. The MPD Officers knew or should have known that the security officers for Filene's Basement did not have the authority to assault plaintiff blocks away from Filene's Basement. The MPD officers knew or should have known that they could not arrest plaintiff for the alleged acts when it clearly showed at the onset that no crime had been committed by plaintiff.

Thus, it can be fair to state that the defendant's caused plaintiff's injuries which were brought on by their unconstitutional behavior.

---

1/"Cahoots"; Slang; Partnership. esp. in an illegal act; Id. at Black's Law Dictionary,(8th Edt., 2004)
2/"concoct";"to make up"; "Invent"; Id. at Merriam Webster's Dictionary, (1999 edt.)

JURY DEMAND

Plaintiff demands trial by jury on all issues triable by jury in this action.

PRAYER

Plaintiff seeks: $6,000,000.00 .

1. Declaratory judgement that the acts of the Filene's Basement, and the Metropolitain Police Department, as well as Filene's Basement's security officers, acting in their individual capacities, violated plaintiff's due process rights.

2. An award of compensatory damages to plaintiff in an amount to be determined by the trier of fact as sufficient to compensate the plaintiff for the injuries described in this complaint;

3. An award of punitive damages to plaintiff in an amount to be determined by the trier of fact as sufficient to deter similar conduct in the future by these defendants;

4. An award of reasonable cost and expenses to plaintiff in this action, including attorney's fees pursuant to 42 U.S.C. § 1988; and

5. Appointment of Counsel because plaintiff is unskilled in the art and science of law, and all other relief this most Honorable Court deems just, fair, and proper.

Respectfully Submitted,

*Abdul Shakur H. Shaheed*
Abdul Shakur H. Shaheed,
aka, William Jett, pro-se.