## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Case No.: 2008-cv-00299(CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **FILENE'S BASEMENT,** *et al.,* | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| _____ | **:** | |

## DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b), hereby respectfully moves this Court to dismiss or, in the alternative, to grant summary judgment in favor of the District on all claims alleged by plaintiff in his complaint. As grounds for the motion, the District states:

1. Any common law claims against the District are barred because plaintiff failed to provide notice pursuant to D.C. Code § 12-309.

2. The complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983.

3. Plaintiff's claim for punitive damages is not available against the District of Columbia.

4. Plaintiff is not entitled to attorney's fees.

A Memorandum of Points and Authorities, Statement of Undisputed Facts, and proposed Orders are attached hereto. Because this is a dispositive motion, consent is not required under Local Rule 7 (m).

Dated: September 5, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2008-cv-00299(CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **FILENE'S BASEMENT,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The District of Columbia, ("the District"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b) to dismiss plaintiff's complaint or, in the alternative, to grant summary judgment in favor of the District.

## THE COMPLAINT

On July 10, 2007, plaintiff was at Filene's Basement retail store, located at 529 14th Street, N.W., Washington, DC. *See* Complaint at 6. While in the store, plaintiff entered and exited the dressing/fitting room without incident. *Id.* Shortly thereafter, plaintiff left the store. *Id.* Approximately twenty minutes later, plaintiff began walking down the street passing Filene's Basement retail store. *Id.* at 7. While walking down the street, plaintiff was approached by two unidentified men, whom plaintiff later learned were two security officers from Filene's Basement. *Id.* Plaintiff was escorted back to Filene's Basement. *Id.* Prior to being escorted back to the store, plaintiff alleges that the security officers beat him in his chest, face and back. *Id.* Moreover, plaintiff alleges the security officers punched him in the face with a pair of

handcuffs causing several of his teeth to break. *Id*. Once plaintiff was brought back to the store, plaintiff alleges that the security officers told him his was under arrest for "theft two" and proceeded to take $150.00 out of his pockets. *Id.*

Plaintiff then alleges that unnamed Metropolitan Police Department ("MPD") officers arrived on the scene and were advised by the security officers that plaintiff was observed on the surveillance camera leaving the store with a blue bag full of clothes. *Id.* Based on the review of the surveillance and after speaking with the security officers, plaintiff alleges that he was arrested by the Metropolitan Police Department officers. *Id.* at 8.

Plaintiff further alleges that he was acquitted of all charges stemming from his arrest after a trial on September 24, 2007.   Plaintiff filed his complaint on June 30, 2008, alleging a number of allegations against the District, Filene's Basement and the individual officers involved in plaintiff's arrest.  Although plaintiff fails to state any specific counts of common-law claims, it appears from his complaint that plaintiff alleges conduct against the MPD officers including, but not limited to, civil conspiracy, negligent training and supervision, fraud, false arrest, malicious prosecution and intentional infliction of emotional distress. *See* Complaint generally.  Moreover, plaintiff alleges constitutional violations of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.  The District submits this response.

## **STANDARD OF REVIEW**

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286

(1986)). *See also Western Assoc. L.P. v. Market Square Assoc.*, 235 F.3d 629, 633 (D.C. Cir. 2001) ("The court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions.").

In a recent decision clarifying the standard for a Rule 12(b)(6) motion, the Supreme Court held that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, PIN CITE (2007) (citing, *inter alia*, *Papasan*). The *Twombly* Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), cited for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. . . . The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .." *Bell Atlantic*, *supra*, at 1959-60. Instead, the Supreme Court held that, for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Similar to the Courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

## ARGUMENT

The District of Columbia moves this Court to dismiss plaintiff's complaint on the grounds that (1) any common law claims alleged by plaintiff against the District are barred by plaintiff's failure to provide notice pursuant to D.C. Code § 12-309; (2) the complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983; (3) plaintiff's punitive damages claim is not available against the District; and (4) plaintiff is not entitled to an award of attorney's fees.

### I.    PLAINTIFF'S COMMON LAW CLAIMS AGAINST THE DISTRICT ARE BARRED FOR FAILURE TO PROVIDE NOTICE UNDER D.C. CODE § 12-309.

Although plaintiff has failed to allege any specific counts of common-law claims, the allegations attempt to set forth facts purporting to be common-law claims against all defendants.[1] Plaintiff has not provided the Mayor written notice of his claims under D.C. Code § 12-309. Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

Strict compliance with the time limit specified in § 12-309 is required.  In *District of Columbia v. Dunsmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations.  Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted] 662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

---

[1] Those common-law claims include, but are not limited to, assault and battery, civil conspiracy, negligent training and supervision, fraud, false arrest, malicious prosecution and intentional infliction of emotional distress.

The *Dunsmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Plaintiff's alleged injury occurred at the time of his arrest, on July 10, 2007. *See* Complaint at 6. As such, his notice to the Mayor was due on or before December 10, 2007. To date, plaintiff has not submitted a letter pursuant to § 12-309. (Exhibit 1, Affidavit of Tamonica Heard.) Because the plaintiff has not satisfied the mandatory requirements of § 12-309, all claims brought under local statutory and common law against the District of Columbia must be dismissed.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR MUNICIAL LIABILITY UNDER 42 U.S.C. § 1983

Plaintiff fails to allege a factual basis for municipal liability for any constitutional claim. As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District cannot be held liable for constitutional claims on a theory of respondeat superior. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824.  The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*."  *Id.* at 818 (emphasis added).

Here, the complaint does not allege a basis for municipal liability that would satisfy the requirements set forth in *Monell*.

**A.    Plaintiff's § 1983 Claim Must Be Dismissed Because His Complaint Fails to Allege a Municipal "Policy or Custom."**

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue.  *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987).  In *Dant*, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983."  *Id.* at 77.  The Court held that the plaintiff's complaint was insufficient to support a claim against the District, writing, "The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*."  Accordingly, the Court held that the complaint failed to allege a necessary element of a section 1983 claim against the District.

Here, the plaintiff's complaint similarly lacks an allegation of a municipal policy or practice.  Plaintiff's complaint only states that the action is being brought under § 1983 and that "the District of Columbia Metropolitan Police Department its agents, and employees were acting under color of state law."  *See* Complaint at 2.    Moreover, plaintiff's allegation that the District

6

"failed to supervise or properly train the MPD officers that falsely arrested plaintiff, and through their lack of proper training permitted these individuals to commit all of the acts complaied of [in the complaint]" has no merit and is merely conclusory. Plaintiff alleges no named MPD officers that had policy-making authority. *See* Complaint generally. Furthermore, the complaint does not state that the MPD officers' behavior was related in any way to a policy or custom of the District. In fact, plaintiff alleges that the constitutional violations were committed by the security officers of Filene's Basement. *See* Complaint at 5, ¶ 7. As such, the complaint "fails to allege a necessary element" of a § 1983 violation, and all § 1983 claims against the District, if any, must be dismissed.

**B.    Plaintiff's § 1983 Claim Must Be Dismissed, Because Plaintiff Failed To Name Any Defendant With Policymaking Authority.**

Neither of the unnamed MPD officers identified in the complaint had policymaking authority that could satisfy the requirements of *Monell*. 436 U.S. at 694; *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).

In *Triplett*, an inmate plaintiff sued two correctional officers and the District for the officers' use of excessive force. The court held that the plaintiff only could succeed on his § 1983 claims against the District if he could "show fault on the part of the city based on a course its policymakers consciously chose to pursue." *Id.* (*citing Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986)). In holding that the plaintiff had made no such showing, the court emphasized that the allegation that "supervisors" were in. The court wrote that:

> the Supreme Court has made clear that the standard is more demanding. "If the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be … *respondeat superior* liability," which *Monell* had rejected." *Id.* (*citing St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).

Finding "no one in this case's case of characters who could possibly be said to hold 'final policymaking authority' regarding the use of force in restraining prisoners," the court reversed the trial court's judgment of municipal liability.  *Id.* at 1454.

Here, the plaintiff's complaint alleges no facts to support that the police officer's conduct was in any way related to a municipal policy or that any person with policy making authority was either on the scene or in any way condoned the alleged conduct of the officers.  Therefore, his claim for relief under § 1983 must be dismissed.

### C.     Plaintiff's § 1983 Claim Must Be Dismissed Because the Facts As Alleged Do Not Suggest that the Alleged Assault Was Pursuant to a Municipal "Policy or Custom."

In addition to the plaintiff's failure to allege a municipal policy or custom of the alleged misconduct, the facts alleged in the complaint actually set forth evidence that indicates that the alleged misconduct was *not* pursuant to such a policy and was committed by non-District employees.  Specifically plaintiff alleges that the security officers assaulted him  as they tackled plaintiff to the ground; began beating him in the chest, face, and back; banged plaintiff's head into the ground; punched him in the face wit the handcuffs and kicked him. *See* Complaint at 7.

Plaintiff further alleges that the officers took his money and told him he was under arrest for theft.  *Id.*  Plaintiff then alleges that once the MPD officers arrived on the scene and knew or should have known that no crime and been committed and that plaintiff should not have been arrested. *Id.* at 7-8.  Moreover, the officers "concocted" at story in "cahoots" with the security officers to lie about plaintiff's arrest. *Id.*   Not only do the facts as alleged suggest that the MPD officers committed no constitutional violation against plaintiff, plaintiff fails to allege that any conduct on the part of the MPD officers was pursuant to any custom or policy, which would warrant liability on the District.

The D.C. Circuit Court has held that efforts by correctional officers to cover up the use of excessive force suggests that that the officers were not acting under a municipal policy. *Triplett*, 108 F.3d at 1453. In *Triplett*, the inmate plaintiff alleged injuries due to excessive force by D.C. correctional officers. The trial court found that the District was liable to the plaintiff for violation of the Eighth Amendment, enforceable under § 1983. *Id.* at 1452.

In overturning the trial court's ruling, the D.C. Circuit Court noted that one of the correctional officers had testified at trial "that he and his supervisory officers covered up the use of excessive force through falsified disciplinary reports." *Id.* at 1453. The court found that this evidence made the allegation of a policy or custom even less likely, writing, "Cover-up efforts at relatively low levels in the hierarchy not only reduce the likelihood that policymakers will learn of the covert practice, but *suggest a belief by the subordinates that their behavior violates established policy*." *Id.* (emphasis added).

Here, the plaintiff's complaint contains a similar allegation, suggesting that the MPD officers were *not* acting pursuant to District policy because they "should have known that they could not arrest plaintiff for the alleged acts when it clearly showed at the onset that no crime was committed." *See* Complaint at 8. Furthermore, plaintiff alleges that the "police officers were in 'cahoots' with the security officers and 'concocted' a story to justify their violations of plaintiff's due process rights." *Id.* As the *Triplett* court noted, an attempt to cover up unconstitutional conduct suggests that the corrections officers involved in the alleged beating knew that they were *not* acting according to municipal policy. Similarly here, plaintiff allegations that the officers "concocted" a story to justify their misconduct would suggest that they knew they were not acting in accordance with a District policy or custom.

Because plaintiff's complaint fails to state a claim against the District for violation of 42 U.S.C. § 1983, all constitutional claims, if any, alleged against the District must be dismissed.

### III.   PLAINTIFF'S CLAIM FOR PUNTIVE DAMAGES IS NOT AVAILABLE AGAINST THE DISTRICT OF COLUMBIA.

Plaintiff cannot recover punitive damages from the District of Columbia as a matter of law. Punitive damages are not available against the District of Columbia unless expressly mandated by statute, or in "extraordinary circumstances." *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Butera v. District of Columbia,* 344 U.S. App. D.C. 265 (D.C. Cir. 2001); *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975).  The D.C. Circuit has interpreted "extraordinary circumstances" to include situations "where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused [a] plaintiff's injuries," or where "a municipality or its policymakers have intentionally adopted [an] unconstitutional policy that caused the damages in question*." Daskalea v. District of Columbia*, 261, 227 F.3d 433, 447 (D.C. Cir. 2000); *see also Butera v. District of Columbia*, 235 F.3d at 658.

Plaintiff neither cites any statutory authority for his claim of punitive damages, nor does he plead facts that constitute "extraordinary circumstances."  Therefore, plaintiff's request for punitive damages from the District of Columbia must be dismissed.

### IV.   PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES.

In his complaint, plaintiff also impermissibly seeks an award of attorney's fees.  *See* Complaint at 9, ¶ 4.  Plaintiff is not an attorney nor has he retained or been appointed an attorney. Although this Court has not decided the availability of attorneys' fees under 42 U.S.C. § 1988 in these particular circumstances, this Court can look to other instances in which this Court has decided that *pro-se* non-attorney litigants are not eligible for an award of attorney's fees. *See Donahue v. Thompson,* 618 A.2d 601 (D.C. 1992) (court held that as a matter of law a

*pro se* non-attorney plaintiff, although statutorily eligible for an award of costs, cannot recover attorney's fees pursuant to D.C.-FOIA); *See also Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (a *pro se* attorney plaintiff may not be awarded attorney's fees pursuant to the federal Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988); *Falcone v. IRS,* 714 F.2d 646 (6th Cir.1983), *cert. denied,* 466 U.S. 908, 104 S.Ct. 1689, 80 L.Ed.2d 162 (1984) (a pro se attorney plaintiff may not be awarded attorney's fees pursuant to the federal FOIA), *cited in Kay, supra,* 499 U.S. at ----, 111 S.Ct. at 1436; *Wolfel v. United States,* 711 F.2d 66 (6th Cir.1983) (a *pro se* non-attorney plaintiff may not be awarded attorney's fees pursuant to federal FOIA), *cited in Falcone, supra,* 714 F.2d at 646.

Therefore, plaintiff's claim for attorney's fees must be dismissed.

## <u>CONCLUSION</u>

**WHEREFORE**, for the foregoing reasons, the District respectfully requests that this Court dismiss plaintiff's claims or, in the alternative, to grant summary judgment in favor of the District.

Dated: September 5, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2008-cv-00299(CKK)** |
| | : | |
| **vi.** | : | |
| | : | |
| **FILENE'S BASEMENT,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The District of Columbia ("the District"), by and though undersigned counsel, submits the following statement of undisputed facts:

1. On July 10, 2007, plaintiff was arrested at Filene's Basement located at 529 14th Street, NW, Washington, DC. *See* Complaint at 6.

2. Plaintiff did not provide notice to the Mayor of his claims pursuant to D.C. Code § 12-309. (Exh. 1)

3. Plaintiff does not allege a municipal policy or custom. *See* Complaint generally.

4. Plaintiff does not allege any individual had policymaking authority. *Id.*

5. Plaintiff is not an attorney.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III


_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2008-cv-00299(CKK)** |
| | : | |
| **v.** | : | |
| | : | |
| **FILENE'S BASEMENT,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

## ORDER

Upon consideration of the District's Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED;** and it is

**FURTHER ORDERD** that plaintiff's claims are dismissed with prejudice against the District of Columbia.

_____
COLLEEN KOLLAR-KOTELLY, Judge
United States District Court for the District
of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Arthur Crum, Esq.
*Attorney for Filene's Basement and Nathaniel Howell*

Abdul Shakur H. Shaheed
*Pro Se Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 2008-cv-00299(CKK)** |
| | : | |
| **vi.** | : | |
| | : | |
| **FILENE'S BASEMENT,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

**ORDER**

Upon consideration of the District's Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED;** and it is

**FURTHER ORDERD** that summary judgment is granted in favor of the District on all of plaintiff's claims against the District.

_____
COLLEEN KOLLAR-KOTELLY, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Arthur Crum, Esq.
*Attorney for Filene's Basement and Nathaniel Howell*

Abdul Shakur H. Shaheed
*Pro Se Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Shaheed, ET. Al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 08-299 |
| | ) | |
| v. | ) | |
| | ) | |
| District of Columbia | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ROBERT CARTER,

I, ROBERT CARTER, being duly sworn, state that the following is true to the best of my knowledge, information and belief:

1.      I am the Interim Claims Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2.      Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims from either the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3.  Claims previously handled by the **Claims Unit for the** Office of the Attorney
    General still under investigation as of January 15, 2004, were also transferred
    to the Office of Risk Management and recorded in its claims management
    system.

4.  I have conducted a diligent search of the records placed in the Risk
    Management system in the DC Office of Risk Management. The result of
    this search has revealed that the Tort Liability Division of the District
    of Columbia, Office of Risk Management has received no claim notice from
    Abdul Shakur H. Shaheed/aka/William Jett, regarding claims of false arrest
    and negligent supervision that are described in the complaint in Civil Action
    No. 08-299, which occurred on or about July 10, 2007.

                                        **ROBERT CARTER**

**DISTRICT OF COLUMBIA, ss:**

I, Susana Suarez , a Notary Public in and for the District of
Columbia, do hereby certify that Robert Carter, whose name is signed to the
foregoing affidavit, bearing the date of the 3rd day of September, 2008, personally
appeared before me and executed the said release, and acknowledged the same to be
her act and deed.

Given under my hand and official seal this 5 day of June, 2008.

                                        **NOTARY PUBLIC**

My Commission Expires: _____

                              SUSANA SUAREZ
                        NOTARY PUBLIC OF COLUMBIA
                            My Commission Expires
                                August 14, 2010

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Case No.: 2008-cv-00299(CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **FILENE'S BASEMENT,** *et al.,* | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| _____ | **:** | |

## ORDER

Upon consideration of the District's Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED;** and it is

**FURTHER ORDERD** that plaintiff's claims are dismissed with prejudice against the District of Columbia.

_____
COLLEEN KOLLAR-KOTELLY, Judge
United States District Court for the District
of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Arthur Crum, Esq.
*Attorney for Filene's Basement and Nathaniel Howell*

Abdul Shakur H. Shaheed
*Pro Se Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ABDUL SHAKUR H. SHAHEED,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Case No.: 2008-cv-00299(CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **FILENE'S BASEMENT,** *et al.,* | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |
| _____ | **:** | |

**ORDER**

Upon consideration of the District's Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED;** and it is

**FURTHER ORDERD** that summary judgment is granted in favor of the District on all of plaintiff's claims against the District.

_____
COLLEEN KOLLAR-KOTELLY, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Arthur Crum, Esq.
*Attorney for Filene's Basement and Nathaniel Howell*

Abdul Shakur H. Shaheed
*Pro Se Plaintiff*